IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| RICHARD GONZALEZ, et al. | * |
| Plaintiffs, | * |
| v. | * |
| DUKE REALTY, LLC, et al. | * |
| Defendants. | * |

* * * * * * * *   Civil No: **L11CV3534**

| | |
|---|---|
| DUKE REALTY, LLC | * |
| Counterclaim-Plaintiff | * |
| v. | * |
| RICHARD GONZALEZ, et al. | * |
| Counterclaim-Defendants | * |

* * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant/Counterclaim-Plaintiff, Duke Realty, LLC ("**Duke Realty**"), and Defendants Pleasant Plains, LLC, Pleasant Plains CVS Business Trust, Pleasant Plains CVS Financial LLC, Hillendale LLC, Hillendale Business Trust, Hillendale Financial LLC, Gazit Management, LLC, Max Shoes LLC, Meir Duke, Stephen Enslow, and The Loughlin Management Group, Inc. (collectively, the "**New Defendants**") (Duke Realty and the New Defendants are collectively referred to as "**Defendants**"), through their undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby file this Notice of Removal of this action from the Circuit Court of Maryland for Baltimore County, wherein it is now pending as Case No. 03-C-11-003788, to the United

312880/446.7

States District Court for the District of Maryland, Northern Division. In support hereof, Defendants state as follows:

1. On or about April 14, 2011, Plaintiffs/Counterclaim-Defendants, Richard Gonzalez, Vicki Gonzalez, and VNR Enterprises, LLC (collectively "**Plaintiffs**") filed a Complaint against Duke in the Circuit Court of Maryland for Baltimore County, entitled *Richard Gonzalez, et. al. v. Duke Realty, LLC*, Case No. 03-C-11-003788 (the "**State Court Action**"),[1] alleging the following causes of action under Maryland law: Count I – Declaratory Judgment; Count II – Intentional Misrepresentation; Count III – Negligent Misrepresentation; and Count IV – Deceit.

2. On or about June 29, 2011, Duke filed an Answer to the Compliant.

3. On or about July 27, 2011, Duke filed a Counterclaim against Plaintiffs for breach of contract.

4. On or about August 22, 2011, Plaintiffs filed a Motion to Dismiss or for Summary Judgment on the Counterclaim. The motion was denied.

5. On or about September 6, 2011, Duke filed a Motion for Summary Judgment as to liability on its Counterclaim. The motion was denied.

6. On or about August 26, 2011, Plaintiffs filed an Amended Complaint alleging the following causes of action under Maryland law: Count I – Declaratory Judgment; Count II – Intentional Misrepresentation; Count III – Negligent Misrepresentation; Count IV – Deceit; Count V – Accounting; and Count VI – Rescission of Contract.

7. On or about September 6, 2011, Defendants filed an Answer to the Amended Complaint.

---

[1] Copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A. To the best of Defendants' knowledge, to date no other pleadings have been filed by any party in this action.

2

8. On or about November 23, 2011, Plaintiffs filed a Second Amended Complaint adding the New Defendants and alleging the following causes of actions <u>under Maryland and federal law</u>: Count I – Declaratory Judgment; Count II – Intentional Misrepresentation; Count III – Negligent Misrepresentation; Count IV – Deceit; Count V – Accounting; Count VI – Rescission of Contract; Count VII – Civil Conspiracy; Count VIII – Civil RICO Under 18 U.S.C. § 1962(c); and Count IX – Civil RICO Under 18 U.S.C. § 1962(d).

9. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the Second Amended Complaint arises under the constitution, laws or treaties of the United States. Specifically, in the Second Amended Complaint, Plaintiffs allege violations of the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq.*) (*see* Amended Complaint at ¶¶ 162-195).

10. Removal is timely because 30 days have not elapsed since Defendants were served with the Second Amended Complaint which is the first pleading in the case that includes allegations under federal law.

11. The State Court in which this action was commenced is within this Court's district and division.

12. All Defendants acknowledge their consent to removal of this action from the Baltimore County, Maryland, Circuit Court to the United States District Court for the District of Maryland, Baltimore Division.

13. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the removal of this action to Plaintiffs' counsel, and Defendants will promptly file a Notice to State Court of Removal with the Circuit Court for Baltimore County. A true and correct copy of that Notice is attached hereto as Exhibit B.

WHEREFORE, Defendants hereby remove the above-described action now pending in the Circuit Court of Maryland for Baltimore County, and request that further proceedings be conducted in this Court.

Respectfully submitted,

/s/ Nathan D. Adler
NATHAN D. ADLER, Federal Bar No. 22645
BRIAN M. BOYLE, Federal Bar No. 28242
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202
(410) 332-8516
(410) 332-8594 (fax)
nda@nqgrg.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 8th day of December, 2011, a copy of the foregoing Notice of Removal was mailed, first-class, postage prepaid, to:

Jan I. Berlage
Tara K. Clarke
Gohn, Hankey & Stichel, LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201

Attorneys for Plaintiffs

/s/ Nathan D. Adler
NATHAN D. ADLER